IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALLSTATE INSURANCE COMPANY**                                                       **PLAINTIFF**

v.                                                                    Civil Action No.: 3:15-cv-00114-MPM-RP

**JOHN ROBERT SCARBROUGH**                                                           **DEFENDANT**

**ORDER**

Presently before the Court is Allstate Insurance Company's ("Allstate") *Motion for Summary Judgment* [190]. Rachel and Kimberly Holloway (collectively "the Holloways") responded in opposition, to which Allstate filed a reply. The Court has reviewed these submissions, in addition to relevant authorities and evidence, and is now prepared to rule.

**Relevant Background**

The action before this Court began as a simple declaratory judgment action, which Allstate filed in order to determine whether two insurance policies it had issued to Robert and Denise Scarbrough provided coverage when their son—John Scarbrough—was involved in an automobile accident in Oxford, Mississippi. The case has since, however, become much more procedurally complex, as the parties have chosen to litigate in this Court the underlying state law claims which were initially filed—and remain pending—in state court.

Allstate filed the present motion on March 17, 2017. In the motion, Allstate argues that the Holloways' counterclaims against it for wrongfully refusing to provide payment, attempting to hide the existence of the policies, and violating the covenant of good faith and fair dealing, must be dismissed because they constitute an impermissible direct action by a third party against an insurer. On March 20, 2017, the Court issued an order granting partial summary judgment in Allstate's favor, holding that the automobile liability policy does not provide coverage.

Thereafter, in light of this order, Allstate filed an amendment to its motion on March 22, 2017, asserting that since "the Court ruled that there is no coverage under the Allstate automobile liability policy, the claims of [the Holloways] against Allstate for 'bad faith' claims handling are hereby moot. There can be no claim for 'bad faith' when there is no coverage under the policy."

The Holloways filed their response on April 12, 2017. In their rather unclear response, the Holloways first state that Allstate incorrectly attempts to characterize all of the counterclaims as "bad faith" claims when "[a] simple review of the Counterclaim will show that [they] made claims of false statements, misrepresentation, fraud, violations of Allstate's covenant of good faith and fair dealing, . . . and violations of the rules and guidelines set out in Allstate's claims manual." The Holloways then spend a considerable amount of time arguing the coverage issues, which have already been decided by this Court. Finally, the Holloways state, in conclusory fashion, that "[a]lthough it is agreed that Mississippi is not a direct action state and direct actions may not be pursued they clearly may be pursued for fraud and negligence." Allstate filed its reply on April 14, 2017, again averring that the Holloways' counterclaims against it are moot in light of the Court finding that coverage does not exist under the automobile liability policy. The Court finds Allstate's argument persuasive and that the motion should be granted.

**Rule 56 Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

## Discussion

As it has done in its previous orders addressing the merits of the underlying claims, the Court turns to the choice-of-law clause in the Allstate policy, which states that "any and all claims or disputes in any way related to this policy shall be governed by the laws of Georgia."[1] In its previous orders, the Court conducted a choice-of-law analysis and ultimately held that Georgia law should govern the parties' dispute. While those orders specifically concerned contract interpretation issues and the present order concerns separate causes of action for fraud, misrepresentation, etc., asserted by the Holloways in their counterclaim, the Court finds that the same analysis should apply. While the present claims do not specifically involve interpretation of the policies, the claims are related to the policies, as they almost certainly would not have been filed absent the existence of those policies. Therefore, because the choice-of-law clause covers claims "in any way related" to the policy, the Court finds that Georgia law should be

---

[1] This language is taken from the automobile liability policy. The umbrella policy, however, contains nearly identical language, stating that "the laws of Georgia shall govern any and all claims or disputes in any way related to this policy."

applied. However, the Court will also set forth relevant principles of Mississippi law, which are largely identical to Georgia law in this area.[2]

As stated above, Allstate's position is that the Holloways' counterclaims against it should be dismissed because they constitute an impermissible direct action by a third party against an insurer and they are moot in light of the Court's March 20, 2017, order finding that coverage was not available under the automobile liability policy.

"The general rule in Georgia is that 'a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy.'" *McGill v. Am. Trucking and Transp., Ins. Co.*, 77 F.Supp.3d 1261, 1264-65 (N.D. Ga. 2015) (quoting *Hartford Ins. Co. v. Henderson & Son, Inc.*, 371 S.E.2d 401, 402 (1988)). These types of actions are barred because there is no privity of contract between the third party and the insurer. *Henderson & Son, Inc.*, 371 S.E.2d at 402 (citing *Seaboard Coast Line R.R. Co. v. Freight Delivery Serv., Inc.*, 210 S.E.2d 42, 45 (1974)). Georgia only has two direct action statutes, which serve as exceptions to the general rule prohibiting direct actions by third parties. *McGill*, 77 F.Supp.3d at 1265 (citing Ga. Code Ann. §§ 40-1-112, 40-2-140). These statutes "permit an injured plaintiff to join a motor carrier's insurer in an action against the insured motor carrier [and] were designed to protect members of the general public against injuries caused by the negligence of a Georgia motor carrier." *Id.*[3]

---

[2] Neither party has raised the choice-of-law issue in their briefs. The Court, however, feels compelled to raise the issue on its own initiative.

[3] Mississippi law largely mirrors these principles. Historically, Mississippi law prohibited "direct actions by third parties on insurance policies [] absent specific statutory authority." *Westmoreland v. Raper*, 511 So.2d 884, 885 (Miss. 1987) (additional citations omitted). However, the Mississippi Supreme Court later overruled *Westmoreland* and held that "an insurance company may be named as a party to an action for the purpose of seeking declaratory

4

Here, the Holloways are undoubtedly third parties to the Allstate insurance policies. They are not named policyholders, and there is no question that they are not insured under the policy. Therefore, pursuant to Georgia law, they are barred from bringing a direct action against Allstate unless there is an unsatisfied judgment against the insured or there is a statute or provision in the policy specifically permitting such a claim. There is no unsatisfied judgment, and the only direct action statutes, which were mentioned above, are inapplicable on these facts. Moreover, the Holloways have not cited—and the Court has been unable to locate—a policy provision permitting them to bring a direct action against Allstate. Therefore, because none of these exceptions are applicable, the Court finds that the Holloways are barred from a direct action against Allstate.

In support of their position, the Holloways cited only one case, *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991). However, the Holloways' reliance on *Bass* is misplaced, as it involved an insured bringing suit against her own insurance company. Therefore, it does not provide support for their position. In short, their claims constitute an impermissible direct action.

**Conclusion**

---

judgment on the question of coverage." *Miss. Mun. Liab. Plan v. Jordan*, 863 So.2d 934, 942 (Miss. 2003) (quoting *Jackson v. Daley*, 739 So.2d 1031, 1038 (Miss. 1999); citing *State Farm Mut. Auto. Ins. Co. v. Eakins*, 748 So.2d 765 (Miss. 1999)). In fact, Rule 57 of the Mississippi Rules of Civil Procedure was later amended to modify the rule prohibiting any type of direct action by an injured party against an insurer. *Id.* Currently under Mississippi law, "direct actions against insurance companies by third parties are allowed '*for the purpose of seeking declaratory judgment on the question of coverage*.'" *Ferguson v. Miss. Farm Bureau Cas. Ins. Co.*, 147 So.3d 374, 378 (Miss. Ct. App. 2014) (additional citations omitted) (emphasis added); *see also Clifton v. Nationwide Gen. Ins. Co.*, 2010 WL 1881483, *4 (S.D. Miss. May 7, 2010) ("In Mississippi, the only direct action by a third party against an insurer is a declaratory judgment under Rule 57.").

Ultimately, "a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *Hamlett v. Carroll Fulmer Logistics Corp.*, 2016 WL 5844486, *7 (S.D. Ga. Sept. 30, 2016) (additional citations omitted); *see also Sanders v. Robertson*, 954 So.2d 493, 497 (Miss. Ct. App. 2007) ("Mississippi clearly prohibits direct actions against insurance companies."). Relying on this authority and the foregoing analysis, the Court finds that Allstate's motion is well-taken.

Accordingly, it is hereby ORDERED that Allstate's *Motion for Summary Judgment* [190] is GRANTED.

SO ORDERED, this the 2nd day of May, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**