IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALLSTATE INSURANCE COMPANY**                                                              **PLAINTIFF**

**v.**                                                              Civil Action No.: 3:15-cv-00114-MPM-RP

**JOHN ROBERT SCARBROUGH**                                                              **DEFENDANT**

**ORDER**

Currently before the Court is John Scarbrough's ("John") *Motion for Partial Summary Judgment* [192]. Rachel and Kimberly Holloway (collectively "the Holloways") have filed a response in opposition, to which John filed his reply. The Court has given due consideration to the parties' submissions, in conjunction with relevant authorities and evidence, and is now prepared to rule.

**Background**

Due to the parties' extensive motion practice, the Court has set forth multiple times the facts and procedural maneuvers that have led this action to its current posture. For the sake of brevity, the Court will refrain from again reciting the facts in their entirety and will instead provide only those relevant to this motion.

The action pending before this Court commenced when Allstate Insurance Company ("Allstate") filed its complaint, wherein it requested that the Court issue a declaratory judgment that two insurance policies it issued to Robert and Denise Scarbrough did not provide coverage when John—Robert and Denise's son—was involved in an automobile accident. At the time of that accident, the Holloways were passengers in John's truck. They allegedly suffered multiple injuries and ultimately filed suit against John in state court. Originally, Allstate was not named as a defendant in the state court action.

1

Once Allstate filed its declaratory judgment complaint in this Court, the Holloways filed multiple counterclaims against Allstate, crossclaims against John, and a third party complaint against multiple other parties. Those claims mirror the claims they originally filed in state court, creating a parallel track in both state and federal court.

The present motion concerns the Holloways' crossclaims against John. Although stated in a convoluted manner, the Holloways assert that John engaged in fraud and other wrongful conduct in order to conceal the existence of the Allstate policies. The Holloways' claims are essentially based upon a single affidavit that John signed. In the affidavit, John stated under oath that he was unaware of any other insurance that may be available outside of his GEICO liability policy. Specifically, the affidavit was a letter that John received from a GEICO agent which stated:

> We are writing you at this time to determine whether you or any other member of your household had excess or umbrella coverage or any other automobile insurance policy. Please check one response.
> Yes _____ No _____

John checked "No", signed the letter, got it notarized, and returned it to GEICO, complying with the instructions he received. The Holloways assert that his parents' Allstate policies were available to John and, thus, his affidavit indicating that he was unaware of any other applicable insurance was false and part of a fraudulent scheme to hide the existence of those policies from them. In the present motion, John argues that the Holloways have not and cannot provide sufficient evidence to support their fraud claims and that the claims should therefore be dismissed.

**Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). However, "[s]ummary judgment is [] improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *U.S v. Miss. Dep't of Pub. Safety*, 309 F.Supp.2d 837, 840 (S.D. Miss. 2004) (citing *Nat'l Screen Serv. Corp. v. Poster Exch., Inc.*, 305 F.2d 647, 651 (5th Cir. 1962)).

**Discussion**

The Court, as in many of its prior orders in this action, begins its analysis with the choice-of-law clause contained in the Allstate policies, which provide that "any and all claims or disputes in any way related to this policy shall be governed by the laws of Georgia."[1] In its previous orders, the Court has conducted a choice-of-law analysis and ultimately held that Georgia law should govern, in accordance with the policy language.

---

[1] This language is taken from the automobile liability policy. However, the umbrella policy contains essentially the same language, stating that "the laws of Georgia shall govern any and all claims or disputes in any way related to this policy."

The same analysis should, in the Court's view, be applied to the claims now at issue. The choice-of-law clause's broad language provides that Georgia law shall govern all claims "in any way related to" the policies. These claims are related to the policies, as the Holloways certainly would not have filed their fraud claims against John for allegedly hiding the policies if the policies did not exist. Therefore, the Court will apply Georgia law, despite the parties' failure to raise the issue in their briefs.

The present motion concerns Counts I, IV, and V of the Holloways' crossclaim complaint against John. The Court notes that the Holloways' crossclaim complaint, like many of their filings with the Court, is somewhat unclear. In fact, it contains multiple redundant allegations against John. However, it does appear, based upon the Court's review, that the Holloways' main allegation is that John intentionally, or with reckless indifference, lied about the existence of his parents' Allstate policies in an attempt to prevent the Holloways from becoming aware of them and obtaining compensation for their alleged injuries.

In his motion, John avers that "[t]he Holloways fail to present, possess, or put forth any evidence whatsoever which would even suggest that [John] knew of an applicable insurance policy besides the liability policy he maintained with GEICO." In their response, the Holloways make multiple irrelevant arguments, such as arguing whether the automobile liability policy provides coverage—an issue that has already been decided by this Court. However, at the end of their response, they aver that, viewing the evidence in the light most favorable to them, the fact that John "signed a form and the information contained therein was false, the statement was made under oath, and the statement was notarized[]" is sufficient to create a genuine dispute of material fact and thwart summary judgment.

Under Georgia law, "[i]n order to prove fraud, the plaintiff must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." *Engelman v. Kessler*, 797 S.E.2d 160, 166 (Ga. Ct. App. 2017) (citing *Sun Nurseries, Inc. v. Lake Erman, LLC*, 730 S.E.2d 556, 561 (Ga. Ct. App. 2012)).[2] "With regard to the element of scienter, 'the gist of an action for damages in tort based on the falsity of representations is that they must have involved actual moral guilt.'" *GLW Int'l Corp. v. Yao*, 532 S.E.2d 151, 155 (Ga. Ct. App. 2000) (quoting *Bennett v. Clark*, 385 S.E.2d 780, 781 (Ga. Ct. App. 1989)).

John first avers that the Holloways cannot establish the first element of fraud because they cannot show that the affidavit he signed was false, as it has not yet been determined whether or not the umbrella policy provides coverage. The Court has previously held that the determination as to whether or not John was a resident of his parents' household at the time of the accident—the critical issue to determine whether the umbrella policy is applicable—will be decided by a jury. On this point, presuming that the jury finds that he was not a resident of his parents' household at the time of the accident, John states that "its [sic] entirely possible that the Holloways cannot even prove the most basic element of a fraud claim—that the statement was false."

Additionally, John argues that "even if [John's] statement that no one in his household had umbrella coverage proves to be false, there is absolutely no way whatsoever that the

---

[2] These elements are nearly identical to Mississippi's fraud elements. Under Mississippi law, "[t]o prevail on a claim of fraud, a party must show the following elements: (a) a material and false representation, (b) which is known by the speaker to be false, (c) and which is intentionally made to induce the hearer to act in reliance thereon, and (d) the hearer does act to his detriment in reasonable reliance on the false representation, and (e) the hearer consequently suffers an injury based on such reliance." *Soni v. Dhaliwal*, 203 So.3d 628, 634 (Miss. Ct. App. 2016) (quoting *Braidfoot v. William Carey Coll.*, 793 So.2d 642, 652 (Miss. Ct. App. 2000)).

5

Holloways can show that [John] had actual knowledge of the falsity of that statement, or that he should have known it was false." John emphasizes the fact that this litigation has been ongoing for many years and that a resolution as to whether coverage exists is still not resolved. He argues that this shows that there is no way that he could have known that another member of his household had excess or umbrella coverage at the time he completed the affidavit, specifically stating that "there is simply no way that a college student with no legal or insurance training could be expected to have had knowledge of the alleged falsity of the statement. As both a matter of law and of common sense, the Holloways cannot prove by clear and convincing evidence that [John] knew the statement contained within the GEICO affidavit was false."

In short, the Court is unpersuaded by John's arguments. First, while it is true that it has not yet been decided whether or not the statement was false, since that the issue of John's residence will be determined by a jury, the simple fact that a trial has not yet been held on that issue does not make summary judgment appropriate. At this stage in the proceedings, the Court must view the evidence provided in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). Applying this standard, it is conceivable that a jury could find that John was a member of his parents' household, which would result in his statement that no member of his household had umbrella coverage being false. The Court also notes that John's argument that it is "entirely possible" that the Holloways cannot prove the first element of their claim is not sufficient to carry his summary judgment burden. The Court rejects John's first argument.

Now, the Court turns to John's second argument—that even if the statement was false, there was no way John could have known so at the time he completed the affidavit. While the Court appreciates counsel's attempt to emphasize the fact that litigation has been ongoing for

many years concerning this issue, it finds that, viewing the evidence in the light most favorable to the Holloways, it is possible that John completed the affidavit with the intention of hiding his parents' policy. While this may or may not have been the case, "[a]t the summary judgment stage, the Court's function is not to resolve factual disputes but, rather, simply determine if such disputes exist." *See Kinsella v. OfficeMax, Inc.*, 2017 WL 1274054, *4 (N.D. Miss. Apr. 3, 2017) (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)). The Court finds that John's intent when completing the affidavit is a question of fact that it cannot properly decide now. Accordingly, the Court rejects this argument.

Ultimately, while the Holloways have not come forward with an overwhelming amount of evidence in support of their claims, they are only required, at this stage in the proceedings, to create a genuine issue of material fact. Additionally, "[a]lthough 'fraud may not be presumed' on a motion for summary judgment, 'slight circumstances may be sufficient to carry conviction of its existence' under Georgia law." *Trust v. O'Connor*, 2012 WL 12836517, *8 (N.D. Ga. Sept. 28, 2012) (quoting *Marshall v. York*, 302 S.E.2d 711, 714 (Ga. Ct. App. 1983)). With this precedent in mind, the Court finds that summary judgment should be denied.

The Court feels compelled to note that, in making this ruling, it has attempted to diligently apply legal precedent to the issue cast by the Holloways' crossclaim of fraud against John, in hopes that a rational analysis would render a logical result. Relying on the foregoing analysis, the Court finds that summary judgment cannot properly be granted in this case due to the minor question of fact which the Holloways have created. However, it cannot ignore the obvious reality that the issue raised is unlikely to gain any traction before a factfinder and, frankly, is a distraction from the real issues to be determined in this cause. Nevertheless, the

Court will permit the Holloways to continue down this ill-advised, unwieldy path, despite the glaring hurdles that they must overcome to prevail on this issue at trial.

**Conclusion**

As set forth above, summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Relying on the foregoing analysis, the Court finds that genuine disputes of material fact remain, and summary judgment should be denied.

Accordingly, it is hereby ORDERED that John Scarbrough's *Motion for Partial Summary Judgment* [192] is DENIED.

SO ORDERED, this the 16th day of May, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**